**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

RUBEN R. WARD,

    Plaintiff,

v.                                       Case No. 08-C-140

DAVID BURNETT, CHARLES LARSON,
WARDEN PHIL KINGSTON,
RICK RAEMISCH, BELINDA SCHRUBBE,
and LISA CERVANTES,

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. # 15)

Plaintiff, Ruben R. Ward, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On June 18, 2008, the court denied the plaintiff's motion for leave to proceed *in forma pauperis* because he has accumulated three "strikes" under 28 U.S.C. § 1915(g). Afterward, Ward filed Plaintiff's Voluntary Withdrawal of Complaint in the above case, and this action was dismissed without prejudice on June 24, 2008. (Doc. # 14) Subsequently, the plaintiff filed the pending motion for reconsideration of the June 18.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . in any

circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

The plaintiff does not dispute his strike history. Rather, he maintains that he is in imminent danger of serious physical injury. If he is in imminent danger of serious physical injury he falls within an exception to the three-strikes rule and may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g). However, the plaintiff does not present any newly discovered evidence supporting his claim of imminent danger. Instead, he argues that it was error for the court to consider his earlier cases, *Ward v. Kaplan*, Case No. 03-C-780 (E.D. Wis.) and *Ward v. Schrubbe*, Case No. 06-C-133 (E.D. Wis.), in which petitions for *in forma pauperis* status were denied although there were similar charges indicating dissatisfaction with the plaintiff's medical treatment for ongoing ailments. The court determined that it was apparent that plaintiff's claims were not new claims and that plaintiff was not in imminent danger of serious physical injury under § 1915(g). This was not clear error, and the plaintiff has not suffered a manifest injustice. As the June 18, 2007, order notes, even if the plaintiff were granted leave to proceed *in forma pauperis*, his case would be dismissed upon screening because the complaint and its attachments establish that the plaintiff is receiving medical treatment for his problems. Disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *See Ciarpaglini v. Saini,* 352 F.3d 328, 331. Therefore,

**IT IS ORDERED** that the plaintiff's motion for reconsideration (DOC. # 15) is **DENIED**, and this case remains closed.

**IT IS FURTHER ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE